UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number:  08-22825-CIV-MARTINEZ-BROWN**

ASSUCRAZIONI GENERALI SPA, as
subrogee of LOGISTICA, S.A.,
     Plaintiff,

vs.

AGILITY LOGISTICS CORP. f/k/a
GEOLOGISTICS AMERICAS, INC.d/b/a
SEAQUEST LINE,
     Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment (D.E. No. 61). After careful consideration and for the reasons set forth below, the Court grants Plaintiff's motion as to its breach of oral contract claim but denies Plaintiff's motion as to its other claims.

### I. Relevant Factual and Procedural Background

Plaintiff Assucrazioni Generali S. P. A. ("Plaintiff" or "Assucrazioni") is a foreign corporation that insured Logistica S.A. ("Logistica") under an insurance policy that covered, "among other things, property loss, including the negligent storing of goods by third parties with whom . . . [Logistica] engaged in business."  (D.E. No. 38-1 at 2).[1]  In 2007, Logistica purchased computer equipment from Hewlett-Packard which had a value of $391,276.35.  *Id*; *see also* (D.E. No. 60 at ¶ 8); (D.E. No. 90 at ¶ 8).  Logistica stored this computer equipment in a warehouse owned by Defendant Agility Logistics Corp. ("Defendant" or "Agility").  (D.E. No. 90 at 6).

---

[1] Defendant Agility Logistics Corp. has not disputed or questioned Plaintiff's right to bring this action as an equitable subrogee.  *See* (D.E. No. 90).

On Saturday, July 28, 2007 at 2:00 p.m., Agility's offices and warehouse were closed by Agility's last employee on duty and the alarm was set. *Id*. At 6:00 p.m. that same day, the security system showed that it was disarmed by the entry of the proper alarm code. *Id*. An unidentified person or persons entered Agility's warehouse through the front door, which had two forms of secure entry a key lock entry and an electronic access swipe care entry. *Id*. at 7. Logistica's computer equipment was stolen from Agility's warehouse.

Plaintiff Assucrazioni paid Logistica $391,276.35 for the loss of the computer equipment. (D.E. No. 38-1 at 2). Plaintiff has filed suit against Defendant in a four-count complaint alleging "equitable subrogation to Logistica's breach of implied bailment agreement," "equitable subrogation as to negligence," "equitable subrogation as to (trucking statute)," and "equitable subrogation as to breach of contract." (D.E. No. 38-1). Plaintiff now moves for summary judgment on all its claims and asks the Court to award it the value of the property that was stolen.

## II.   Legal Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find

for the non-moving party.  *Anderson*, 477 U.S. at 248;  *Matsushita Electric Indus. Co.,* 475 U.S. at 586.  It is "material" if it might affect the outcome of the case under the governing law. *Anderson*, 477 U.S. at 248.  In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party.  *Id*. at 255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment.  *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 2d 1428, 1438 (11th Cir. 1991).  The moving party  "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).  "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 3d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc*., 931 F.3d 1472, 1477 (11th Cir. 1991)). *See also* Fed. R. Civ. P. 56(e).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex*, 477 U.S. at 324. When the non-moving party bears the burden of proof, the moving party does not have to "support its motion with affidavits or other similar material *negating* the opponent's claim." *Id*. at 323 (emphasis in original). The moving party may discharge its burden

in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id*. at 324.  Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting Fed. R. Civ. P. 56(e)). A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III.  Analysis

As stated above, Plaintiff seeks summary judgment on the four counts it has asserted against Defendant for breach of an implied bailment agreement, negligence, "equitable subrogation as to (trucking statute)," and breach of an oral contract.  After careful consideration, the Court grants Plaintiff's motion as to its claim for breach of an oral contract but denies it as to Plaintiff's other claims.

**A.     Breach of an Implied Bailment Agreement**

First, Plaintiff has sought summary judgment on its claim for breach of an implied bailment agreement.  Plaintiff alleges that Logistica's placement of its computer equipment in Agility's warehouse and Agility's acceptance of said equipment constituted an implied bailment agreement.  *See* (D.E. No. 38-1 at 2). Plaintiff alleges that pursuant to this implied agreement Agility "had a duty to safeguard . . . [Logistica's] property" and that Agility breached this duty "by failing to take reasonable care in safeguarding [Logistica's] property." *Id*. at 3.

The Florida Supreme Court has stated that "'it is familiar law in bailments[2] for the mutual benefit of the parties, where there is no express agreement to the contrary, the law raises an implied obligation on the part of the bailee to exercise reasonable care to preserve the property from loss or injury, and a failure to do so constitutes a breach of the contract of bailment. . . .'" *Adelman v. M & S Welding Shop, Inc.*, 105 So. 2d 802, 803 (Fla. 3d DCA 1958) (quoting *White Swan Laundry v. Blue*, 137 So. 898, 899 (Ala. 1931)). "In a bailment situation, the plaintiff makes a prima facie case for damages when he shows that the bailed property was delivered to the bailee in good condition and that it was damaged while it was in the care, custody, and control of bailee." *Parker v. Miracle Strip Boat & Motors Headquarters, Inc.*, 341 So. 2d 197, 198 (Fla. 1st DCA 1976); *see also Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F. 3d 1293, 1299 (11th Cir. 2007) (quoting the same). "To overcome the resulting inference of negligence, the defendant must present evidence tending to show that he did not breach his duty of ordinary care." *Parker*, 341 So. 2d at 198.

It is undisputed that Plaintiff has submitted sufficient evidence to demonstrate its prima facie case for breach of an implied bailment agreement. *See* (D.E. No. 60 at ¶¶ 3, 16); (D.E. No. 80 at ¶¶ 3, 16); s*ee also* (D.E. No. 59-3, Exh. C). A genuine issue of material fact, however, remains as to whether Defendant has breached its duty of ordinary care.

Plaintiff argues that it is undisputed that Defendant breached its duty of ordinary care because the security system showed an opening with the entry of the proper alarm code and because Agility did not have proper security measures in place such as an on-site watchman or

---

[2]A bailment is "[a] delivery of personal property by one person . . . to another . . . who holds the property for a certain purpose under an express or implied-in-fact contract." BLACK'S LAW DICTIONARY 151 (8th ed. 2004).

another method of securing the premises on both points of entry at its front door.  *See* (D.E. No. 61 at 6-7, 8-9).  The Court, however, finds that genuine issues of material fact remain as to whether Defendant breached its duty of ordinary care based upon evidence regarding the security measures in place at the warehouse and evidence regarding the circumstances of the robbery.

 First, Defendant has submitted Randall Ingles's[3] affidavit in which he states that the warehouse was secured with an "alarm, access control, and CCTV systems." (D.E. No. 79-1, Exh. A at 3).  He also states that all doors were secured with high security locks and that Agility's security "plans meet or exceed . . . [its] competitors' standard programs."  *Id*.  These statements with regard to the security measures employed by Defendant create a genuine issue of material fact as to whether Defendant breached its duty of ordinary care.

With regard to the actual robbery, Ingles states that "[t]he building was entered after a torch was used to cut away part of the door frame and door." *Id*. at 2.  The doors were not simply opened.  *Id*.   He also states that the front doors were cut by a torch and that "multiple doors [were] forcibly opened within the office area in an attempt to find the communications room." *Id*.  Access to the warehouse was gained with the destruction of the access control system, which released all the electric locks.  *Id*.  This evidence provides support for Defendant's argument that the robbery was accomplished by the application of brute force and at least creates a genuine issue of material fact as to whether Defendant was exercising ordinary care.

Moreover, Detective Kenol, who was investigating the theft, also testified that while at first he thought the theft was an inside job, he later changed his mind. (D.E. No. 79-2, Exh. B at

---

[3]Randall Ingels is the Vice President of Compliance and Risk for Defendant Agility. (D.E. No. 79-1, Exh. A at 1).

1-2).  He testified that "[b]ased on what we've experienced before on how these guys acquire like alarm codes and stuff . . . we know that they do their homework before they get there." *Id*. at 2. He also stated "we've had multiple burglaries . . . with the same type of entry where they used the alarm codes to enter the business" and there was "[n]othing here that pointed to an employee." *Id*. He testified that no employees were charged in this case.  *Id*.  This also creates a genuine issue of material fact.[4]  Thus, the Court finds summary judgment is inappropriate on Plaintiff's claim for breach of an implied bailment agreement.

> **B.** **Negligence**

Next, Plaintiff seeks summary judgment on its negligence claim.  For the same reasons as discussed above, the Court finds that summary judgment is inappropriate on Plaintiff's negligence claim.  *See Reel Therapy Charters, Inc. v. Marina Mgmt., Inc.*, No. 3:02CV510/RV, 2003 WL 23514559, at * 6 n. 17 (N.D. Fla. Dec. 31, 2003) (stating that a claim for bailment for mutual benefit and a tort claim based upon the same is analyzed in the same manner).[5]

---

[4] In its Reply brief, Plaintiff submits new evidence in which it appears to argue that Detective Kenol's testimony that it was not an inside job cannot be relied on because he testified that he could not rule out "a hundred percent" that it was not an inside job and that his conclusion was based on information provided by Defendant's employees.  *See* (D.E. No. 84 at 3); *see also* (D.E. No. 85 at 6).  Generally, a police investigator gathers information from the victim or in this case the employees who work for the owners of the building that was robbed.  Thus, obtaining information from Defendant's employees on which to base his conclusions is not at all unusual or improper.  Most importantly, such evidence does not alter this Court's conclusion that genuine issues of material fact remain as to this issue.

[5] The Court notes that with regard to Plaintiff's claims for breach of an implied bailment agreement and negligence that it has serious questions as to whether such claims are barred by the economic loss rule.  *See Perfumeria Ultra, S.A DE C.V., v. Miami Customs Serv., Inc.*, 231 F. Supp. 2d 1218, 1222-23 (S.D. Fla. 2002), *Tai-Pan, Inc. v. Keith Marine, Inc.*, No. 95-338-CIV-J-20, 1997 WL 714898 at *6 & *6 n. 10 (M.D. Fla. May 13, 1997).  Neither party addresses this issue, and the Court finds it inappropriate to *sua sponte* dismiss these claims at this time.  *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc*. 695 F.2d 524 (11th Cir.1983).

### C.     "Equitable Subrogation as to (Trucking Statute)"

Plaintiff also seeks summary judgment on its claim entitled "equitable subrogation as to (trucking statute)." The Second Amended Complaint provides no further information as to what sort of claim this is or what section Plaintiff are specifically identifying as the "trucking statute." A search of the term "trucking statute" on Westlaw of all Florida state and Florida federal cases yields no results. The Court cannot grant summary judgment on an unidentified claim such as this. Defendant appears never to have been bothered by the lack of specificity of this claim as no motions were filed by it relating to this claim. The Court finds it would be inappropriate to *sua sponte* dismiss this claim. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc*. 695 F.2d 524 (11th Cir.1983). Plaintiff, however, will have to clarify the statutory basis for this claim if it proceeds to trial before it may be submitted to the jury, and the parties are directed to address this issue with the Court outside of the presence of the jury before any evidence is presented as to this claim. Thus, the Court also denies summary judgment as to this claim.

### D.     **Breach of Oral Contract**

Finally, Plaintiff seeks summary judgment on its claim for breach of an oral contract. In this claim, Plaintiff has alleged that "[i]t was a certain and definite term of the oral contract between . . . [Logistica and Agility] that . . . [Logistica's] computer equipment would be stored in a sufficiently secure manner to prevent the theft of . . . [the] computer equipment." (D.E. No. 38-1 at 4). Plaintiff alleges that Agility breached the oral agreement "by failing to secure . . . [the] equipment, leading to . . . [the] theft and loss." *Id*. at 5.

---

The parties, however, are on notice that if these claims do proceed to trial the Court expects the parties to address this issue with the Court outside of the presence of the jury before the parties begin presenting evidence as to these claims. At that time, the Court may dismiss such claims.

For breach of an oral contract, a plaintiff must "demonstrate that the parties mutually assented to 'a certain and definite proposition' and left no essential terms open." *W.R. Townsend Contracting, Inc. v. Jensen Civil Const., Inc.*, 728 So. 2d 297, 300 (Fla. 1st DCA 1999) (quoting *Jacksonville Port Authority v. W.R. Johnson Enters., Inc.*, 624 So.2d 313 (Fla. 1st DCA 1993)). Plaintiff must also prove all the standard elements of a breach of written contract claim such as the existence of a contract, breach of that contract and damages resulting from the breach. *See Liquid Advertising Inc. v. G & G Dev. Antiqua*, No. 8:07-cv-999-T-30MAP, 2007 WL 3231784, at *3 (M.D. Fla. Oct. 30, 2007); *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006).

Here, Plaintiff has offered evidence that an oral contract existed between Logistica and Agility. *See* (D.E. No. 59-5, Exh. E at 2); (D.E. No. 59-5 at 54). Agility has not disputed that such an oral contract existed. Plaintiff has also offered evidence that the terms of this contract included in relevant part that "[t]he entire shipment [of computer equipment] was to be stored in a secured security cage on premises, accessible only by Agility's manager or authorized supervisor(s), and covered with dark paper so as to prevent identification of contents by onlookers." (D.E. No. 59-5, Exh. E at 2); (D.E. No. 59-5 at 55). Agility does not dispute but rather admits that the parties agreed to these terms. (D.E. No. 80 at ¶¶ 13,14); *see also* (D.E. No. 60 at ¶¶ 13, 14). Moreover, it is undisputed that the computer equipment was not stored in a secured security cage as agreed but was instead stored in Agility's open receiving area. (D.E. No. 60 at ¶ 13); (D.E. No. 80 at ¶ 13). It is also undisputed that Logistica's computer equipment was stolen while in the possession of Agility. (D.E. No. 59-3, Exh. C at 1). Finally, the parties also agree that the value of this computer equipment was $391.276.35. (D.E. No. 60 at ¶ 8) (D.E. No. 90 at ¶ 8). Thus, the Court finds that it is undisputed that Logistica and Agility had an oral

contract, that Agility breached this contract, and that Logistica suffered damages in the amount of $391,276.53.  *See, e.g., Firestone Tire & Rubber Co. v. City Transfer & Storage Co.*, 224 P. 1117, 1118 (Kan. 1924) (upholding a jury verdict finding a breach of contract where the parties agreed to store tires in a particular place, defendant violated this agreement by keeping the tires somewhere else, and the tires were stolen).  Accordingly, the Court grants summary judgment as to Plaintiff's breach of contract claim.[6]  Therefore, it is hereby:

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Summary Judgment (D.E. No. 61) is **GRANTED in part and DENIED in part**.  The motion is granted as to Plaintiff's claim in Count IV for breach of an oral contract and denied in all other respects.

2. A Final Judgment as to this count will be entered separately.[7]

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of November, 2009.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record

---

[6] The Court acknowledges that Fla. Stat § 677.204 provides that

> A warehouseman is liable for damages for loss of or injury to the goods caused by his or her failure to exercise such care in regard to them as a reasonably careful person would exercise under like circumstances but unless otherwise agreed he or she is not liable for damages which could not have been avoided by the exercise of such care.

In this case, this section does not apply to Plaintiff's breach of contract claim as the parties to the contract have "otherwise agreed."  Specifically, the parties entered into a contract defining Defendant's duty of care, which was to keep the computer equipment in a secured security cage.  As discussed above, it is undisputed that Defendant breached this agreement.

[7] It appears to this Court that Plaintiff's four claims were pleaded in the alternative and that this Order grants Plaintiff full relief as to the damages it was seeking.  However, as it is not completely clear especially with regard to Plaintiff's claim in Count II relating to the "trucking statute," this case remains on the calendar call on December 3, 2009.  It is Plaintiff's responsibility to notify the Court at least three days before this calendar call if Plaintiff does not wish to proceed with the remaining claims in this action.